DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Skycasters, LLC, ) | |
| ) | CASE NO. 5:06 CV 1094 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | O R D E R |
| ) | (Resolving Doc. No. 33) |
| Hughes Network Systems, LLC, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is the motion of defendant to suspend or modify the preliminary injunction pending appeal. (Doc. No. 33). Plaintiff has filed a response. (Doc. No. 37).

On April 25, 2006, plaintiff filed this lawsuit in the Summit County Court of Common Pleas. Defendant removed it to this Court on May 3, 2006. Plaintiff moved for a temporary restraining order, which the Court granted on May 12, 2006. See Doc. No. 7. A hearing was subsequently conducted on plaintiff's motion for preliminary and permanent injunction.

After briefing, by order dated June 2, 2006, the Court issued a preliminary injunction. See Doc. No. 29. It is this order which defendant seeks to suspend and/or modify pending appeal. Notice of appeal was filed on June 15, 2006.[1]

The Court has considered the parties' respective briefs and, although it denies defendant's motion to suspend or stay the preliminary injunction, it does hereby clarify the scope of the injunctive relief that was granted.

---

[1] The appeal was actually filed on June 14, 2006; but it had to be re-filed using the correct electronic docketing event. See Doc. Nos. 34, 35.

(5:06 CV 1094)

In this lawsuit, plaintiff alleges that defendant has breached the terms of the Settlement Agreement which they entered into on March 21, 2006 in settlement of Case No. 5:05cv2360 (J. Gwin).  In a counterclaim, defendant alleges that plaintiff has breached the same Agreement.  Whether or not either or both parties have breached the Agreement remains to be decided.  If there has been a breach, damages will probably be the appropriate remedy.

One of the terms of the Settlement Agreement is that the defendant "will continue to provide DIRECWAY products and services to Skycasters' customers as contemplated by the VAR Agreement through September 30, 2006."  (Settlement Agreement, ¶ 8).[2]  Another term of the Settlement Agreement was that defendant would refrain from initiating contact with any of Skycasters customers but, if a Skycaster customer contacted the defendant, the defendant could respond according to a particular protocol and script set forth in the Settlement Agreement.

In granting injunctive relief, the Court's primary concern was for plaintiff's customers, which it understood to be highly dependent upon services provided.  The Court wanted to be sure that they did not suddenly, through no fault of their own, lose their DIRECWAY internet services sooner than expected and it wanted to be sure that the customers would not be confused by "pop-up" contacts which defendant had been utilizing and which plaintiff wanted to stop by way of injunction.

---

[2] The VAR Agreement is the Value Added Reseller Agreement entered into between the parties on or about September 1, 2004.  That agreement had expired on August 31, 2005, but by its terms defendant would continue to provide services through August 31, 2006.  The Settlement Agreement further extended that deadline by one month, to September 30, 2006.

2

(5:06 CV 1094)

By the same token, by entering the preliminary injunction, the Court did not intend to expand the terms of the Settlement Agreement which forms the underlying basis for this breach of contract complaint and counterclaim.  The Settlement Agreement has many terms and this Court will ultimately have to decide whether either or both of the parties have breached the Agreement.  If they have, damages will probably be the remedy; it is too soon to say for sure.  In the meantime, the Court wanted at the very least to protect Skycasters' DIRECWAY customers <u>until September 30, 2006</u>, the bargained-for deadline in the Settlement Agreement.

The Court admits that footnote 4 of Doc. No. 29, with its reference to "the duration of this litigation," was inartfully drafted.  All that the Court meant to say in that footnote was that it would not grant a permanent injunction at this time, but would wait until the lawsuit had run its course to determine whether a permanent injunction would be appropriate.

Skycasters argues in its response to the instant motion that there was no deadline in the Settlement Agreement relating to the provision that prohibited defendant's contact with Skycasters' customers.  That, however, cannot be true.  Clearly, after September 30, 2006, defendant is free to contact Skycasters' customers the same way it would any other competitors' customers.  The prohibition against contact cannot go on indefinitely.

Therefore, to be perfectly clear, the preliminary injunction issued on June 2, 2006 was intended only to do two things: (1) require defendant to continue to provide the DIRECWAY products and services to plaintiff's customers until September 30, 2006 rather than suspend them due to Skycasters' alleged breach of the Settlement Agreement; and (2) prohibit defendant from

3

(5:06 CV 1094)

initiating contact with Skycasters' customers prior to September 30, 2006, a tactic which was confusing and angering Skycasters' customers.

The preliminary injunction was not meant to change any of the terms of the Settlement Agreement. If either party suspends or changes its performance under the terms of that Agreement on the theory that the other party's alleged material breach of the Agreement excuses performance, they do so at their own risk. Such is the stuff of lawsuits, including this one.

Accordingly, defendant's motion to suspend the preliminary injunction pending appeal (Doc. No. 33) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| June 20, 2006 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |